# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN ANNE POLLAK, JEFFREY LAWRENCE POLLAK,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>STATE OF IDAHO, *et al.*,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. CV-09-20-E<br><br>Honorable Dale A. Kimball |

　　　　This matter is before the court on Plaintiff's Motion to Change Venue, Docket Entry No. 14, and Defendant's Motion to Dismiss, Docket Entry No. 15. The Honorable Dale A. Kimball, United States District Judge, District of Utah, is sitting by special designation. After reviewing the briefing on these motions, the court concludes that a hearing would not significantly aid in its determination of the motions. Having fully considered the memoranda submitted by the parties, and the facts and law relevant to these motions, the court enters the following Memorandum Decision and Order.

## BACKGROUND

　　　　On January 20, 2009, Plaintiffs Susan Pollak and Jeffrey Pollak brought the present lawsuit against the State of Idaho, state agencies, district attorneys, police officers, and other government employees, alleging a violation of their civil rights under 42 U.S.C. § 1983. Plaintiffs specifically allege that Plaintiff Susan Pollak's constitutional rights were violated when

1

legal custody to her son was taken away because she took her son to a licensed physician. The Complaint states that "the 'protective order' covering 'visitation' is punitive, unconstitutional, and written as if it were a criminal sentence," when jurisdictionally it was only "supposed to be . . . an act of the local state court to ascertain whether Plaintiff's minor child had . . . (ADHD)" and whether he should be on medication for the condition if he in fact had the condition. The Plaintiffs also allege that they attended numerous hearings regarding protective orders at which state court judges refused to address the existence of domestic violence as relevant to child safety. Plaintiffs' Complaint seeks "injunctive relief in the form of a permanent injunction against the State of Idaho, its courts, and its state agencies, both law enforcement and Child Protective Services."

While Plaintiff's Complaint alleges causes of action against several state employees, Plaintiffs have not served any individuals employed by the State of Idaho. Plaintiffs have served the Complaint on Michael Allan Woods, an individual not employed by the State of Idaho. Woods is Plaintiff Susan Pollak's ex-husband. Plaintiffs seek an injunction preventing Woods from removing Pollak and his child from the State of Idaho and placing their child in federal protective custody.

## DISCUSSION

### State of Idaho's Motion to Dismiss

Defendant, the State of Idaho, moves the court to dismiss it from this case on the basis of Eleventh Amendment immunity. Plaintiff's claims against the State of Idaho are brought pursuant to 42 U.S.C. § 1983, which provides that a civil rights action may be brought against a "person." However, "neither a State nor its officials acting in their official capacities are

'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). No cause of action, including pendent state claims, can be maintained against the State when founded on purported § 1983 liability. *Milbourn v. Keppler,* 644 F. Supp. 201, 206 (D. Idaho 1986).

The United States Supreme Court has "extended the [Eleventh] Amendment's applicability to suits by citizens against their own States," and has recognized that "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 361 (2001).

Despite the State of Idaho's argument that the Pollaks have filed suit against the State seeking "monetary damages from the State's coffers," Plaintiffs' Complaint recognizes that it cannot seek monetary damages and seeks only injunctive relief. The Supreme Court has clarified that the Eleventh Amendment bars the recovery of civil damages against the state but that it does not prohibit suits for injunctive relief against persons in their official capacity. Under the narrow exception set out in *Ex parte Young*, 209 U.S. 123, 159-60 (1908), when an official of a state agency is sued in his official capacity for prospective equitable relief, the individual is not regarded as "the state" for purposes of the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (official capacity defendant may be named and an official capacity action may be brought only in actions seeking prospective injunctive relief).

In this case, Plaintiffs have only served the State of Idaho in its official capacity. Plaintiff's claims against the State of Idaho do not come within the prospective injunctive relief exception of *Ex parte Young*. Accordingly, the court grants the State of Idaho's Motion to

Dismiss and dismisses it from the case.[1]

## Plaintiffs' Motion to Change Venue

Plaintiffs' Motion for Change of Venue requests that the court transfer this action from the District of Idaho to the District of Colorado.  Plaintiffs are residents of Colorado and state that it will be more economical for them to handle the case in Colorado.  Plaintiff's motion relies on 28 U.S.C. § 1391(a) and 28 U.S.C. § 1402(b).  A change of venue, however, is governed by 28 U.S.C. § 1404.

Section 1404 provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).   In a motion to transfer, the moving party must clearly establish that: (1) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice; and (2) the transferee court is a proper forum in which the action could have been brought originally.  *Van Dusen v. Barrack*, 376 U.S. 612, 616, 634 (1964).

Plaintiffs motion to transfer venue focuses solely on Plaintiff's convenience.  The United States Supreme Court has held that "[s]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."  *Van Dusen*, 376 U.S. at 646.  While Plaintiffs reside in Colorado, all of the Defendants reside in Idaho.  The case also arises from a child custody dispute in Idaho.  Accordingly, Plaintiffs have not met their burden in demonstrating that Colorado would be a more convenient forum than Idaho.

Moreover, Plaintiff's do not address whether Colorado was a forum in which the action

---

[1] Plaintiffs arguments that the State defaulted in responding to the Complaint is without merit.  The State timely filed its motion to dismiss.

could have been originally brought. Section 1391(a), cited to by Plaintiffs, is the venue provision applicable to cases brought under diversity jurisdiction. Under Section 1391(a), an action may be brought in a district where any defendant resides, a district where a substantial part of the events giving rise to the claim occurred, or a district in which any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a). In this case, none of the Defendants reside in Colorado, none of the events giving rise to the claim occurred in Colorado, and there is no evidence that any of the Defendants would be subject to personal jurisdiction in Colorado. Therefore, Plaintiffs have not demonstrated that this case could have been originally brought in Colorado under Section 1391(a).

Section 1391(b), which provides for venue in actions not based solely on diversity, contains similar requirements. Under Section 1391(b), an action may be brought in a district where any defendant resides, a district in which a substantial part of the events giving rise to the claim occurred, or a district in which any defendant may be found. Plaintiffs have not demonstrated that Colorado meets any of these requirements under the facts of this case.

Plaintiffs also cite to 28 U.S.C. § 1402(b) in support of their motion to transfer venue. Section 1402(b) allows a tort claim against the United States to be brought in the judicial district where the plaintiff resides or where the act complained of occurred. Section 1402(b) has no application to the present case. Section 1402 applies to cases in which the United States is a defendant, and Plaintiffs have not named the United States as a defendant in this case.

The court concludes that Plaintiffs have failed to meet their burden in demonstrating that a change of venue is appropriate in this case. Accordingly, Plaintiffs' motion for a change of venue is denied.

**CONCLUSION**

Based upon the above reasoning, the State of Idaho's Motion to Dismiss is GRANTED and Plaintiff's Motion for a Change of Venue is DENIED.

DATED this 15th day of April, 2009.

                BY THE COURT:

                */s/ Dale A. Kimball*
                DALE A. KIMBALL
                United States District Judge