U.S. DISTRICT COURT FOR THE

DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN ANNE POLLAK, JEFFREY LAWERENCE POLLAK,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF IDAHO, *et al.*,<br><br>Defendants. | Case No. CV09-20-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

B. LYNN WINMILL, Chief Judge.

Before the Court is Defendant Michael Allan Woods' Motions to Dismiss (Docket Nos. 36 and 40). For the following reasons, the Court grants the Motions to Dismiss.

## BACKGROUND

Plaintiffs Susan Pollak and Jeffery Pollak (collectively "Plaintiffs") brought the present lawsuit against the State of Idaho, state agencies, district attorneys, police officers, other government employees, and Michael Allan Woods ("Woods"), Plaintiff Susan Pollak's ex-husband. *Complaint*, (Docket No. 1, SEALED). Plaintiffs only served the Complaint on the State of Idaho and Woods. (Docket Nos. 6 and 13). The State of Idaho was dismissed from this lawsuit on April 15, 2009. *Memorandum Decision and Order* (Docket 28). This Court has

**Memorandum Decision and Order - Page 1**

subject matter jurisdiction over Plaintiffs' lawsuit against Woods pursuant to 28 U.S.C. § 1332.

Plaintiffs, acting pro se, allege that Woods committed the following torts sometime between 2002 and 2008: assault, battery, false imprisonment, child endangerment, intentional infliction of emotion distress, negligent infliction of emotional distress, trespass, conversion, negligence, extortion, and blackmail. *Complaint*, ¶¶ 12–13, p. 21 (Docket No. 1, SEALED). Further, Plaintiffs seek an injunction preventing Woods from contacting Plaintiffs, *id.* at p. 4, and another injunction preventing Woods from removing Plaintiff Susan Pollak and Woods' child from the State of Idaho and placing their child in federal protective custody, *id.* at ¶ 6.[1]

Woods, acting pro se, filed a Motion to Dismiss on August 17, 2009. *Motion to Dismiss* (Docket No. 36, SEALED). In his Motion to Dismiss, Woods did not identify whether he seeks dismissal pursuant to Rule 12 or Rule 56 of the Federal Rules of Civil Procedure. *See id.* Woods filed a second Motion to Dismiss with Prejudice on December 3, 2009; however, the Motion included the sub-label: "Memorandum to Motion to Dismiss ([36]) Additional Facts." *Motion to Dismiss with Prejudice* (Docket No. 40). In his second Motion to Dismiss, Woods again failed to identify a federal rule of Civil Procedure pursuant to which he was making the motion. *See id.* Woods' second Motion to Dismiss appears to be a document submitted in support of his first Motion to Dismiss. Woods attached documents and photographs to both

---

[1]To the extent that Plaintiffs seek to modify the custody order of the child, this Court notes that Idaho state courts have exclusive and continuing jurisdiction over that order. *See* Idaho Code Ann. § 32-11-202.

**Memorandum Decision and Order - Page 2**

Motions to Dismiss.

## ANALYSIS

This Court will construe Woods' Motions to Dismiss as a Motion to Dismiss with Prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint upon which relief may be granted must "sufficiently pinpoint[] the time, place and circumstances of the alleged occurrences." *Dorothy K. Winston & Co. v. Town Heights Dev., Inc.*, 376 F. Supp. 1214, 1217 (D.C. Cir. 1974).

A dismissal without leave to amend "is improper unless it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and*

---

[2]Because this Court construes Woods' motions as a Motion to Dismiss pursuant to Rule 12(b)(6), this Court will not consider the evidence Woods submitted in support of his motions.

**Memorandum Decision and Order - Page 3**

*Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, Plaintiffs allege several facts that, if accepted as true, would support their allegations of assault, battery, false imprisonment, child endangerment, intentional infliction of emotion distress, negligent infliction of emotional distress, trespass, conversion, negligence, extortion, and blackmail. However, Plaintiffs do not sufficiently identify either the time or place of the alleged occurrences. Instead, Plaintiffs merely state that the alleged occurrences took place "from the years 2002 until 2008." *Complaint*, p. 21 (Docket No. 1, SEALED). This statement does not give Woods fair notice of the grounds upon which Plaintiffs' Complaint rests. Accordingly, Plaintiffs' claims against Woods for the above-listed torts are dismissed with leave to amend within thirty days.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendant Woods' Motions to Dismiss (Docket Nos. 36 and 40) shall be, and the same are hereby, **GRANTED** without prejudice. Plaintiffs shall have a deadline of April 2, 2010 to amend their Complaint.

DATED: **March 3, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge